**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5134**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DAVID DAMONT WARD, a/k/a Damont,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:09-cr-00855-TLW-7)

─────────────

Submitted: June 14, 2011           Decided: July 18, 2011

─────────────

Before TRAXLER, Chief Judge, SHEDD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Tynika A. Claxton, CLAXTON LAW FIRM, Blythewood, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, Alfred W. Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Damont Ward pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana. The district court concluded that Ward qualified as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 and imposed a sentence of 288 months. On appeal, Ward challenges his sentence. We affirm.

To qualify as a Career Offender under U.S.S.G. § 4B1.1(a), a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The only issue on appeal is whether Ward had the necessary predicate offenses. Ward does not dispute that his prior South Carolina conviction for attempted robbery qualifies as a predicate offense. Ward challenges the district court's conclusion, however, that Ward had two other prior South Carolina convictions that constituted "crime[s] of violence" under the career offender guideline. U.S.S.G. § 4B1.1(a).

Specifically, Ward contends that his South Carolina conviction for assault and battery of a high and aggravated nature (ABHAN) does not constitute a "crime of violence" and therefore does not qualify as a predicate offense for the career offender classification. A "crime of violence" is defined by the guidelines as an offense that is punishable by imprisonment

2

for more than one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). At the time of Ward's conviction, ABHAN was a common-law crime in South Carolina defined as "the unlawful act of violent injury to another accompanied by circumstances of aggravation." State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000). Ward argues (1) that ABHAN is not per se a "crime of violence" because it applies to both intentional and reckless conduct, see United States v. McFalls, 592 F.3d 707, 716 (6th Cir. 2010) (holding that an ABHAN offense under South Carolina law does not require proof of any particular state of mind and therefore is not categorically a crime of violence), and (2) that the charging documents fail to show whether his particular conviction involved intentional, "purposeful" conduct, United States v. Peterson, 629 F.3d 432, 439 (4th Cir. 2011) (recognizing that "a qualifying predicate offense under § 4B1.2(a) must . . . be purposeful, violent, and aggressive" and cannot include "unintentional" conduct).

Although we generally "employ a categorical approach in determining whether a prior conviction will lead to a sentence enhancement under the Sentencing Guidelines," id. at 435, the district court determined that a South Carolina ABHAN conviction required application of the modified categorical approach. The court therefore considered both the indictment

3

and the transcript of Ward's plea colloquy to determine whether Ward's ABHAN conviction constituted a "crime of violence." In relevant part, the ABHAN indictment charged that Ward

> committed assault and battery upon the victim . . . constituting an unlawful act, a violent injury to the person of said [victim], accompanied by circumstances of aggravation; to wit: That the said defendant did strike the victim in the face with a blunt object, causing sever[e] damage[] to his upper lip and several teeth were knocked out. . . .

J.A. 74.

> The plea colloquy provided additional details:

> On October 29th, 2007, at 9:00 in the evening . . . in the parking lot of . . . a convenience store, there was a fight between two other individuals. The victim, [B.F.], was watching this particular fight when he was approached by the defendant and suddenly struck for no apparent reason violently. He did have surgeries on his face and his teeth. I believe he lost one or two teeth as a result of being struck by this blunt object by the defendant.

J.A. 71. Based on its examination of the record of conviction, the district court concluded that Ward's prior conviction for ABHAN involved intentional rather than inadvertent or reckless conduct and therefore qualified as a predicate offense for purposes of the career offender guideline.

Assuming without deciding that ABHAN is not a crime of violence per se, and that inquiry into the purposefulness of Ward's conduct remains appropriate, see Sykes v. United States, __ U.S. __, 2011 WL 2224437 at *9 (June 9, 2011), we affirm based on the district court's conclusion, using the modified

4

categorical approach, that the record of Ward's ABHAN conviction reflects intentional, violent conduct in this instance.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

The sentence imposed by the district court is therefore

AFFIRMED.

---

[*] Because we affirm the district court's determination that Ward's ABHAN conviction qualifies as a predicate offense under U.S.S.G. § 4B1.1, we need not address Ward's argument that his five prior South Carolina convictions for second degree burglary did not also constitute a predicate offense under U.S.S.G. § 4B1.1.